HAWKINS, Justice,
specially concurring.
This case leaves a gnawing doubt, which could have been averted.
Mr. Ard was desperately, indeed terminally ill. His doctor had prescribed demer-ol, a highly addictive drug, for the relief of acute pain, and vistaril, a drug given to patients under severe emotional stress or in a state of extreme agitation. Vistaril is also prescribed for patients who are mentally disturbed.
Mr. Ard, in this extreme condition, was totally dependent on his wife, the stepmother of Gloria Lynn and Melinda Sue Ard. Under these circumstances, counsel was called upon to prepare Mr. Ard’s will. The attorney may not have known just how sick Mr. Ard was, but he certainly knew, or should have known, he was a gravely ill *1358 man. The occasion called for the utmost in privacy and a quiet conference restricted to counsel and Mr. Ard. Thus, counsel could have best assured himself the wishes expressed by Mr. Ard were genuine and under no extraneous influence.
Yes, counsel did not talk to Mr. Ard in private about the will. The only discussion he had with Mr. Ard in the will’s preparation was over the telephone. Counsel could not have known who was present at the other end of the line where Mr. Ard was speaking.
Finally, counsel had other matters to attend to at the time the will was executed and was not present. The persons present when the will was executed were: the attorney’s son, a layman who perhaps had some acquaintance with Mr. Ard, another person of no previous acquaintance, and Mrs. Ard. The will was executed .in a hospital room with Mrs. Ard, the sole beneficiary, sitting on the foot of the bed. Mrs. Ard was the one person in direct conflict with these two children.
There was an issue of fact, and I cannot say the Chancellor was manifestly wrong, and therefore concur in affirming.
I do have deep concern, however, at the cloud of suspicion, and perhaps hatred, existing between the parties which could have been avoided.
DAN M. LEE, J., joins this opinion.